UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,

v.                             Case No.: 8:14-cv-1558-T-33AEP

KEVIN D. CROFTON, individually
and as co-trustee of THE KEVIN
D. CROFTON BUSINESS TRUST,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Bank of America, N.A.'s Motion for Final Summary Judgment (Doc. # 43), which was filed on May 4, 2015. Defendants Kevin D. Crofton, individually and as co-trustee of the Kevin D. Crofton Business Trust, had until June 3, 2015, to file a response in opposition to the Motion. Defendants failed to timely file a response. Therefore, on June 4, 2015, this Court entered an Order granting Defendants until June 8, 2015, to file their response and noting that failure to do so would result in this Court considering Plaintiff's Motion as unopposed. (Doc. # 44).

Despite being given a chance to do so, Defendants failed to respond, and the Court, accordingly, considers Plaintiff's

Motion as an unopposed Motion. However, this Court is not permitted to grant the Motion solely because such Motion is unopposed. <u>Minhngoc P. Tran v. Boeing Co.</u>, 190 F. App'x 929, 932 (11th Cir. 2006)("district court cannot grant summary judgment just because the motion was unopposed, but must at least review all the evidentiary materials submitted in support of the motion for summary judgment to ensure the motion is supported").

Here, the Court grants the Motion based upon its review of the entire record, viewing the evidence in the light most favorable to Defendants as the non-movants, and based upon its finding that Plaintiff is entitled to judgment as a matter of law.

## I. Factual Background

### A. The Crofton & Sons, Inc. Line of Credit and Crofton & Sons Loan Agreement

In August of 2013, non-party Crofton & Sons, Inc. executed and delivered to Plaintiff a Loan Agreement for a line of credit in the amount of $1,500,000.00 (the "Crofton & Sons Line of Credit"). (Doc. # 1-1). Thereafter, in June of 2013, Crofton & Sons executed and delivered to Plaintiff a Loan Agreement in the total principal amount of $1,910,000.00 (the "Crofton & Sons Loan Agreement"), which was comprised of

2

a fixed rate term loan amount of $435,000.00 ("Facility No. 1") and a variable rate term loan in the amount of $1,475,000.00 ("Facility No. 2"). (Doc. # 1-2). Kevin D. Crofton executed the Crofton & Sons Line of Credit and the Crofton & Sons Loan Agreement in his capacity as President of Crofton & Sons. (Doc. # 1-1; Doc. # 1-2; Doc. # 16 at ¶ 10).

Both the Crofton & Sons Line of Credit and Crofton & Sons Loan Agreement are secured by a Continuing and Unconditional Guaranty dated April 26, 2013, executed by Kevin D. Crofton, in his individual capacity (the "April 2013 Crofton Guaranty"), which guarantees any and all indebtedness of Crofton & Sons to Plaintiff. (Doc. # 1-3; Doc. # 16 at ¶ 11). The Crofton & Sons Line of Credit and Crofton & Sons Loan Agreement are also secured by a Continuing and Unconditional Guaranty dated April 26, 2013, executed by Kevin D. Crofton, in his capacity as co-trustee of the Kevin D. Crofton Business Trust (the "April 2013 Crofton Trust Guaranty"), which guarantees any and all indebtedness of Crofton & Sons to Plaintiff. (Doc. # 1-4; Doc. # 16 at ¶ 12).

The Crofton & Sons Loan Agreement for Facility No. 1 is also secured by a Mortgage, Assignment of Rents and Security Agreement, and Fixture Filing dated June 3, 2013, (the "First Crofton & Sons Mortgage"), which grants a mortgage to

Plaintiff for the property identified therein owned by and in possession of Crofton & Sons. (Doc. # 1-5; Doc. # 16 at ¶ 13).

The Crofton & Sons Loan Agreement for Facility No. 2 is secured by a Mortgage, Assignment of Rents and Security Agreement, and Fixture Filing dated June 3, 2013 (the "Second Crofton & Sons Mortgage"), which grants a mortgage to Plaintiff for the property identified therein owned by and in possession of Crofton & Sons. (Doc. # 1-6; Doc. # 16 at ¶ 14).

According to Plaintiff, it is the owner and holder of the Crofton & Sons Line of Credit, the Crofton & Sons Loan Agreement, the April 2013 Crofton Guaranty, the April 2013 Crofton Trust Guaranty, the First Crofton & Sons Mortgage, and the Second Crofton & Sons Mortgage (collectively, the "Crofton & Sons Loan Documents"). (Doc. # 43-1 at ¶ 9). Defendants have not produced evidence to dispute this assertion.

On April 26, 2014, Crofton & Sons failed to make payments due under the terms of the Crofton & Sons Line of Credit and all payments due thereafter. (Id. at ¶ 10). Further, on June 1, 2014, Crofton & Sons failed to make payments due under the terms of the Crofton & Sons Loan Agreement for Facility No.

1 and all payments due thereafter. (Id. at ¶ 11). Also, on May 1, 2014, Crofton & Sons failed to make payments due under the terms of the Crofton & Sons Loan Agreement for Facility No. 2 and all payments due thereafter. (Id. at ¶ 12).

As a result, Plaintiff declared the full amounts due under the Crofton & Sons Line of Credit and the Crofton & Sons Loan Agreement and demanded payment from Kevin D. Crofton, individually, and the Kevin D. Crofton Business Trust, pursuant to their guaranty obligations under the April 2013 Crofton Guaranty and the April 2013 Crofton Trust Guaranty. (Doc. # 43-1 at ¶ 13; Doc. # 43-2). However, Kevin D. Crofton, individually, and the Kevin D. Crofton Business Trust, acting through Kevin D. Crofton, failed to pay the amounts due to Plaintiff. (Doc. # 43-1 at ¶ 14).

### B. The Crofton Trust Loan Agreement

On June 3, 2013, Kevin D. Crofton, in his capacity as co-trustee of the Kevin D. Crofton Business Trust, executed and delivered to Plaintiff a Loan Agreement in the principal amount of $1,135,000.00 (the "Crofton Trust Loan Agreement"). (Doc. # 1-7; Doc. # 16 at ¶ 16). Kevin D. Crofton delivered a Trust Authority Letter to Plaintiff dated June 3, 2013, representing his authorization to enter into the Crofton Trust Loan Agreement and his agreement to be bound thereby as

5

co-trustee of the Kevin D. Crofton Business Trust. (Doc. # 1-8; Doc. # 16 at ¶ 17).

The Crofton Trust Loan Agreement is secured by a Mortgage, Assignment of Rents and Security Agreement, and Fixture Filing dated June 3, 2013 (the "Crofton Trust Mortgage"), which grants a mortgage to Plaintiff for the property identified therein owned by and in possession of the Kevin D. Crofton Business Trust. (Doc. # 1-9; Doc. # 16 at ¶ 18). As further security for the amounts owed under the Crofton Trust Loan Agreement, Kevin D. Crofton executed a Continuing and Unconditional Guaranty dated June 3, 2013, in his individual capacity (the "June 2013 Crofton Guaranty"), which guaranteed any and all indebtedness of the Kevin D. Crofton Business Trust to Plaintiff. (Doc. # 1-10; Doc. # 16 at ¶ 19).

According to Plaintiff, it is the owner and holder of the Crofton Trust Loan Agreement, the Crofton Trust Mortgage and the June 2013 Crofton Guaranty (collectively, the "Crofton Trust Loan Documents"). (Doc. # 43-1 at ¶ 22). Defendants do not provide evidence to refute this contention.

On May 1, 2014, the Kevin D. Crofton Business Trust failed to make payments due under the terms of the Crofton Trust Loan Agreement and all payments due thereafter. (Id. at

6

¶ 23). Therefore, Plaintiff declared the full amounts due under the Crofton Trust Loan Agreement and demanded payment from Kevin D. Crofton in his individual capacity and in his capacity as co-trustee of the Kevin D. Crofton Business Trust. (Id. at ¶ 24). However, Kevin D. Crofton, individually and in his capacity as co-trustee of the Kevin D. Crofton Business Trust, failed to cure the default. (Id. at ¶ 25).

## II. Procedural Background

On June 26, 2014, Plaintiff initiated this action against (1) Kevin D. Crofton, individually; (2) Kevin D. Crofton, as co-trustee of the Kevin D. Crofton Business Trust; and (3) Howard A. Gordon, as co-trustee of the Kevin D. Crofton Business Trust and set forth the following counts:

> Count I – Breach of April 2013 Guaranty Against Kevin D. Crofton
>
> Count II – Breach of April 2013 Crofton Trust Guaranty Against Kevin D. Crofton and Howard A. Gordon as Co-Trustees of the Kevin D. Crofton Business Trust
>
> Count III – Breach of Crofton Trust Loan Agreement Against Kevin D. Crofton and Howard A. Gordon as Co-Trustees of the Kevin D. Crofton Business Trust
>
> Count IV – Breach of June 2013 Crofton Guaranty Against Kevin D. Crofton

(Doc. # 1).

Plaintiff filed a Notice of Voluntary Dismissal of Defendant, Howard A. Gordon, as co-trustee of the Kevin D.

Crofton Business Trust, Without Prejudice on September 5, 2014. (Doc. # 20). The Court dismissed Howard A. Gordon as a party in this matter on September 5, 2014. (Doc. # 21). On May 4, 2015, Plaintiff filed the present Motion for Final Summary Judgment. (Doc. # 43). Defendants failed to respond after being given the opportunity to do so, and as result, the Court considers the Motion as an unopposed Motion.

### III.   Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir.

8

1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856

9

(11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

**IV. Analysis**

    **A. Count I & Count II**

The elements of a breach of contract are: "(1) a valid contract; (2) a material breach; and (3) damages." Abbott Labs., Inc. v. Gen. Elec. Capital, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). Defendants admit the existence and validity of the Crofton & Sons Line of Credit and the Crofton & Sons Loan Agreement. (Doc. # 16 at ¶¶ 8-10).

Plaintiff demonstrates that Crofton & Sons breached a material term of the Crofton & Sons Line of Credit by failing to make payment on April 26, 2014, and by failing to make any payments thereafter. (Doc. # 43-1 at ¶ 10). Furthermore, Plaintiff has established that Crofton & Sons breached a material term of the Crofton & Sons Loan Agreement for: "(1) Facility No. 1 by failing to make payment on June 1, 2014, and by failing to make any payments thereafter, and (2) Facility No. 2 by failing to make payment on May 1, 2014, and by failing to make any payments thereafter." (Doc. # 43 at

10

9)(internal citations omitted). Defendants have not provided evidence that would allow a factfinder to disbelieve Plaintiff's allegations.

Pursuant to both the Crofton & Sons Line of Credit and the Crofton & Sons Loan Agreement, the failure to make payment is an "Event of Default." (Doc. # 1-1 at ¶ 10.1; Doc. # 1-2 at ¶ 10.1). Furthermore, the April 2013 Guaranties both include promises to pay Plaintiff in the event that Crofton & Sons does not pay Plaintiff: "the undersigned ('Guarantor') hereby unconditionally guarantees and promises to pay promptly to Bank of America, N.A. . . . any and all Indebtedness of Crofton & Sons, Inc. ('Borrower') to Bank when due. . . ." (Doc. # 1-3 at ¶ 1; Doc. # 1-4 at ¶ 1). Indebtedness is defined by the April 2013 Guaranties as "any and all debts, liabilities, and obligations of [Crofton & Sons] to Bank, now or hereafter existing. . . ." (Id. at ¶ 2(d)).

Therefore, according to Plaintiff, the above-referenced defaults "triggered" (1) Kevin D. Crofton's individual obligation to pay pursuant to the April 2013 Crofton Guaranty and (2) the Kevin D. Crofton Business Trust's obligation to pay pursuant to the April 2013 Crofton Trust Guaranty

(collectively, the "April 2013 Guaranties"). (Doc. # 43 at 10).

As set forth in Kahama VI, LLC v. HJH LLC, No. 8:11-CV-2029-T-30TBM, 2013 WL 1760254, at *3 (M.D. Fla. Apr. 24, 2013):

> "A guaranty is a collateral promise to answer for the debt or obligation of another." F.D.I.C. v. Univ. Anclote, Inc., 764 F.2d 804, 806 (11th Cir. 1985). "In Florida, the elements of an action for breach of a guaranty arise from a debtor's default and the guarantor's subsequent failure to pay." Bank First v. Guillem, 2009 WL 1930190, at *5 (M.D. Fla. 2009). The rules governing contracts apply generally to guaranty contracts. Lockheed Martin Corp. v. Galaxis USA, Ltd., 222 F. Supp. 2d 1315, 1325 (M.D. Fla. 2002). Thus, the three elements of breach of contract in Florida, (1) valid contract, (2) a material breach, and (3) damages, are the relevant elements of a guaranty.

As Crofton & Sons failed to make payments, both Kevin D. Crofton and the Kevin D. Crofton Business Trust are obligated to make payment pursuant to the April 2013 Guaranties. See Unisys Fin. Corp. v. AMP Servs., Inc., 593 So. 2d 232, 233 (Fla. 5th DCA 1991)(finding that corporation's failure to make payments triggered obligation under guaranty agreement to pay and failure to do so entitled creditor to judgment against guarantor). Accordingly, the Court grants summary

judgment in favor of Plaintiff and against Defendants as to Counts I and II.

Therefore, pursuant to the default under the Crofton & Sons Line of Credit, Kevin D. Crofton, in his individual capacity and as co-trustee of the Kevin D. Crofton Business Trust, owes Plaintiff the principal amount of $619,717.50, plus interest in the amount of $15,058.48 through May 4, 2015, for a total of **$634,775.98**, exclusive of attorneys' fees[1] and costs incurred in this matter. Furthermore, as a result of the default under the Crofton & Sons Loan Agreement for Facility No. 1, Kevin D. Crofton, in his individual capacity and as co-trustee of the Kevin D. Crofton Business Trust, owes Plaintiff the principal amount of $343,557.80, plus interest in the amount of $19,067.46 through May 4, 2015, for a total of **$362,625.26**, exclusive of attorneys' fees and costs incurred in this matter. Finally, as a consequence of the default under the Crofton & Sons Loan Agreement for Facility No. 2, Kevin D. Crofton, in his individual capacity and as co-trustee of the Kevin D. Crofton Business Trust, owes

---

[1] The Crofton & Sons Line of Credit and the Crofton & Sons Loan Agreement permit Plaintiff to recover all damages available including costs, interest, and attorneys' fees. (Doc. # 1-1 at ¶¶ 4.1(c), 5.5, 11.6; Doc. # 1-2 at ¶¶ 1.3, 2.4, 4.1(d), 5.6, 11.6).

Plaintiff the principal amount of $1,438,077.00, plus interest in the amount of $35,946.34 through May 4, 2015, for a total of **$1,474,023.34**, exclusive of attorneys' fees and costs incurred in this matter.

**B.** <u>**Count III & Count IV**</u>

Defendants admit that the Kevin D. Crofton Business Trust executed the Crofton Trust Loan Agreement and that the Crofton Trust Loan Agreement is a valid agreement. (Doc. # 16 at ¶ 16). According to Plaintiff, Kevin D. Crofton, in his capacity as co-trustee of the Kevin D. Crofton Business Trust, breached a material term of the Crofton Trust Loan Agreement by failing to make payment on May 1, 2014, and by failing to make any payments thereafter. (Doc. # 43-1 at ¶ 23). Defendants have failed to come forward with evidence to refute Plaintiff's assertions.

The Crofton Trust Loan Agreement provides that failure to make payment is an "Event of Default." (Doc. # 1-7 at ¶ 9.1). Thus, the above-described default prompted Kevin D. Crofton's obligations individually and as co-trustee of the Kevin D. Crofton Business Trust to pay pursuant to the June 2013 Crofton Guaranty. (Doc. # 1-10; Doc. # 16 at ¶ 19). Specifically, the June 2013 Guaranty states that "the

14

undersigned ('Guarantor') hereby unconditionally guarantees and promises to pay promptly to Bank of America, N.A. . . . any and all Indebtedness of [the Crofton Trust] ('Borrower') to Bank when due. . . ." (Doc. # 1-10 at ¶ 1). Indebtedness is defined by the June 2013 Crofton Guaranty as "any and all debts, liabilities, and obligations of [the Crofton Trust] to Bank, now or hereafter existing. . . ." (Id. at ¶ 2(e)).

Accordingly, Kevin D. Crofton owes Plaintiff the amounts that are due and owing under the Crofton Trust Loan Documents. See Anderson v. Trade Winds Enters., Corp., 241 So. 2d 174 (Fla. 4th DCA 1970)("One who undertakes an absolute guarantee of payment by another becomes liable immediately upon default in payment by the other."). Thus, the Court grants summary judgment in favor of Plaintiff and against Defendants as to Counts III and IV.

Therefore, Kevin D. Crofton, in his individual capacity and as co-trustee of the Kevin D. Crofton Business Trust, owes Plaintiff the principal amount of $920,400.91, plus interest in the amount of $61,053.26 through May 4, 2015, plus late charges in the amount of $11,744.70, for a total of **$993,198.87**, exclusive of attorneys' fees[2] and costs.

---

[2] The Crofton Trust Loan Agreement specifically permits Plaintiff to recover all damages available including costs,

**V.   Conclusion**

Although, in their Answer, Defendants denied key allegations related to defaults under the loan documents and responsibility for payment pursuant to the guaranty agreements, Defendants have not produced any documents or evidence to support their denials. (See Doc. # 16); see LaBrache v. Am. Mar. Officers Pension Plan, 45 F. Supp. 2d 1335, 1337 (M.D. Fla. 1999)("Although factual disputes preclude summary judgment, the mere possibility that factual disputes may exist, without more, is not sufficient to overcome a convincing presentation by the party seeking summary judgment.")(internal quotation marks omitted).

Therefore, for the reasons set forth above, this Court grants Plaintiff's Motion, and as a result, the Clerk shall enter judgment in favor of Plaintiff and against Defendants in the total amount of **$3,464,623.45** plus interest that continues to accrue daily. This amount consists of the following: (1) $634,775.98 for the Crofton & Sons Line of Credit; (2) $362,625.26 for Facility No. 1 of the Crofton & Sons Loan Agreement; (3) $1,474,023.34 for Facility No. 2 of

---

interest, and attorneys' fees. (Doc. # 1-7 at ¶¶ 1.3, 2.1(c), 4.6, 10.6).

16

the Crofton & Sons Loan Agreement; and (4) $993,198.87 for the Crofton Trust Loan Agreement.

Furthermore, the Court finds that Plaintiff is entitled to attorneys' fees for its prosecution of the instant action. To the extent Plaintiff, as the prevailing party, seeks attorneys' fees and costs in this matter, it has until **June 25, 2015**, to file an appropriate motion requesting such relief.[3]

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Bank of America, N.A.'s Motion for Final Summary Judgment (Doc. # 43) is **GRANTED**.

(2) The Clerk is directed to enter Judgment in favor of Plaintiff Bank of America, N.A., and against Defendants in the total amount of **$3,464,623.45** plus interest that continues to accrue daily. Thereafter, the Clerk shall **CLOSE THIS CASE**.

(3) Plaintiff has until and including **June 25, 2015**, to file any motions for attorneys' fees and costs.

---

[3] The Court will address Plaintiff's entitlement to attorneys' fees and costs regardless of whether, at the time Plaintiff's counsel submits further documents in support of their fee and cost request, this case has been closed by the Clerk.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of June, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record