```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

BANK OF AMERICA, N.A.,

    Plaintiff,

v().                            Case No.: 8:14-cv-1558-T-33AEP

KEVIN D. CROFTON, individually
and as co-trustee of THE KEVIN
D. CROFTON BUSINESS TRUST,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Bank of America, N.A.'s Motion for Attorneys' Fees (Doc. # 48), which was filed on June 25, 2015. Pursuant to Local Rule 3.01(b) and Rule 6(d), Fed. R. Civ. P., the deadline for Defendants Kevin D. Crofton, individually and as co-trustee of the Kevin D. Crofton Business Trust to file a response in opposition to the Motion was, at the latest, July 13, 2015.

A review of the file reveals that Defendants, who are represented by counsel, failed to file a response to Plaintiff's Motion in the time provided by the Rules or at any point since. Accordingly, the Court considers the Motion as unopposed. Upon due consideration of the Motion and the record before the Court, the Court grants Plaintiff's Motion.

**I.    Background**

On June 26, 2014, Plaintiff initiated this action against Defendants Kevin D. Crofton, individually; Kevin D. Crofton, as co-trustee of the Kevin D. Crofton Business Trust; and Howard A. Gordon, as co-trustee of the Kevin D. Crofton Business Trust. (Doc. # 1). Plaintiff filed a Notice of Voluntary Dismissal of Defendant, Howard A. Gordon, as co-trustee of the Kevin D. Crofton Business Trust, Without Prejudice on September 5, 2014. (Doc. # 20). The Court dismissed Howard A. Gordon as a party in this matter on September 5, 2014. (Doc. # 21).

On May 4, 2015, Plaintiff filed a Motion for Final Summary Judgment (Doc. # 43), which this Court granted on June 11, 2015 (Doc. # 45). Thereafter, the Clerk of the Court entered a judgment in favor of Plaintiff and against Defendants in the total amount of $3,464,623.45, plus interest that continues to accrue daily. (Doc. # 46).[1] Thus, Plaintiff is the prevailing party in this matter.

On June 25, 2015, Plaintiff filed the present Motion requesting an attorneys' fee award of $33,574.50. (See Doc.

---

[1] The Clerk entered an Amended Judgment on June 30, 2015, to add language to aid Plaintiff in its execution of the judgment against Defendants. (See Doc. # 51).

2

# 48). The Motion is supported by the affidavits of David Tong, Esq. - who was retained to provide an opinion about the fees sought in this case - and Amanda Buffington, Esq. (See Doc. ## 48-2, 48-3), as well as a summary of the billing rates and hours that Plaintiff's counsel and paralegals billed on this matter.  Also on June 25, 2015, Plaintiff filed a proposed bill of cost requesting an award of costs in the amount of $435.00. (Doc. # 49).

**II. Analysis**

    **A.    Attorneys' Fees**

Plaintiff explains that the attorneys' fees sought are for the work completed by Plaintiff's attorneys as follows:

| Attorney/Paralegal | Hours | Rate | Amount | Amount Less 10% |
|---|---|---|---|---|
| Amanda B. Buffinton, Esq. | 87.2 | $295.00 | $25,724.00 | $23,151.60 |
| Andrew T. Jenkins, Esq. | 21.1 | $295.00 | $6,224.50 | $5,602.05 |
| Anne-Leigh Moe, Esq. | 18.7 | $250.00 | $4,675.00 | $4,207.50 |
| Jolyon Acosta, Esq. | .3 | $245.00 | $73.50 | $66.15 |
| Traci Koster, Esq. | .6 | $225.00 | $135.00 | $121.50 |
| Kristan Long (paralegal) | .7 | $110.00 | $77.00 | $69.30 |
| Elaine Elliston (paralegal) | 1.8 | $110.00 | $198.00 | $178.20 |
| Joanna Nixon (paralegal) | 1.8 | $110.00 | $198.00 | $178.20 |
| **TOTAL** | **132.20** | | $37,305.00 | **$33,574.50** |

This Court is afforded broad discretion in addressing attorneys' fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. Webb v. Bd. of Educ. of Dyer Cnty., 471 U.S. 234, 242 (1985). Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Further, the fee applicant must support the number of hours worked. Id.  If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

Once the Court has calculated the lodestar, it may adjust the fee awarded upward or downward based upon other considerations, including (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill

4

required to perform the legal service properly; (4) the preclusion of other employment due to the attorney's acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the amount involved and the results obtained; (8) the experience, reputation, and ability of the attorneys; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. Johnson v. Ga. Highway Exp., Inc., 488 F.2d 714, 717–19 (5th Cir. 1974).

### 1. Reasonable Hourly Rate

To calculate the lodestar in this case, the Court must determine the reasonable hourly rate for Plaintiff's counsel. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1303 (citation omitted).

Plaintiff bears the burden of producing evidence of the prevailing market rate, which must "speak to rates actually billed and paid in similar lawsuits," and may include the expert opinions of other attorneys. Id. To satisfy this burden, Plaintiff has supplied the affidavit of David Tong, Esq. (Doc. # 48-2), as well as a detailed memorandum, which includes citations to relevant legal authorities.

5

Attorney Tong explains that he has been practicing law in Florida since 1984, and is a partner with Saxon Gilmore & Carraway, P.A. in Tampa Florida. (Id.). Attorney Tong indicates that his practice "presently concentrates in areas of real estate litigation, commercial litigation, and bankruptcy/creditors' rights and [he] routinely represent[s] lenders and creditors in complex litigation, bankruptcy, and real estate matters. [He has] litigated numerous complex foreclosure actions involving commercial real estate." (Id.).

Upon reviewing the file of Plaintiff's counsel, which included counsels' time records, communicating with Plaintiff's counsel regarding the case, and reviewing the bar admission dates of the billing lawyers in this matter as well as Rule 4-1.5 of the Rules Regulating the Florida Bar, Attorney Tong opines that: (1) $295.00 per hour is a reasonable rate for the services of Amanda B. Buffington and Andrew T. Jenkins as counsel in this action; (2) $250.00 per hour is a reasonable rate for the services of Anne-Leigh Moe as counsel in this action; (3) $245.00 per hour is a reasonable rate for the services of Jolyon Acosta as counsel in this action; (4) $225.00 per hour is a reasonable rate for the services of Traci Koster as counsel in this action; and

(5) $ 110.00 per hour is a reasonable rate for paralegal time in the present cause of action. (Id.).

Upon due consideration, the Court determines that the requested hourly rates are reasonable. Specifically, upon review of the case law, evidence, and affidavits in support of the Motion, the Court finds the rate charged by Plaintiff's counsel – given their numerous years of experience - is reasonable given the complexity of this case and the prevailing market rates for attorneys of similar experience. Likewise, the requested hourly rates of $110.00 for Kristan Long, Elaine Elliston, and Joanna Nixon, as paralegals, are inherently reasonable. See, e.g., Indyne, Inc. v. Abacus Tech. Corp., No. 6:11-cv-137-Orl-22DAB, 2013 U.S. Dist. LEXIS 185422, at *55 (M.D. Fla. Dec. 6, 2013)("For litigation related work performed in 2011, rates ranging up to $400 per hour for senior counsel or partner level work and $175 to $225 for junior attorneys were prevailing in the Middle District.").

### 2. Reasonable Hours Expended

Next, the Court must determine the number of reasonable hours expended by Plaintiff's counsel while working on this case. "Fee applicants must exercise . . . 'billing judgment,' that means they must exclude from their fee applications

7

'excessive, redundant, or otherwise unnecessary hours.'" ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)(quoting Hensley, 461 U.S. at 434). Thus, fee applicants must exclude hours "that would be unreasonable to bill a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." Norman, 836 F.2d at 1301 (emphasis in original). This means that the "measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Id. at 1306. Exclusions for unnecessary or excessive time expended are left to the discretion of the Court. See Id. at 1301.

Upon review of the detailed billing summary and memorandum filed in support of the Motion, the Court concludes that the time billed was not excessive. The Court concurs with Attorney Tong's assessment that, "[b]ased upon the facts and circumstances of the case . . . 132.2 hours is a reasonable amount of time devoted to the representation of Plaintiff in this action." (Doc. # 48-2). The Court has also considered each of the factors enumerated in Johnson, 488 F.2d at 717-19.

8

Further, the Court acknowledges Attorney Buffington's affidavit statement that "Bush Ross, P.A. provided a 10% discount to [Plaintiff] in this matter. The 10% discount has . . . already been subtracted from the fees sought in [Plaintiff's] Motion for fees." (Doc. # 48-3).

After due consideration, and in light of the fact that Defendants failed to file a response in opposition to Plaintiff's requested relief, the Court determines that Plaintiff is entitled to attorneys' fees in the requested amount of $33,574.50.

**B.  Costs**

In conjunction with its Motion, Plaintiff submitted a proposed bill of costs amounting to $435.00. (See Doc. # 49). Plaintiff categorizes its costs as follows (1) fees of the Clerk and (2) fees for service of summons and subpoena. (Id.). The Court will address each category in turn.

**1. Standard for Awarding Costs**

"Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise." Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *2 (M.D. Fla. Nov. 21, 2013); see Durden v. Citicorp Trust

9

Bank, FSB, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010)(stating that Fed. R. Civ. P. 54 establishes a presumption that costs should be awarded unless the district court decides otherwise)(citing Chapman v. Al Transp., 229 F.3d 1012, 1038 (11th Cir. 2000)). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered;" the district court must articulate a sound reason for not awarding full costs. Chapman, 229 F.3d at 1039 (internal citations omitted).

Specifically, pursuant to 28 U.S.C. § 1920, the following may be taxed as costs under Fed. R. Civ. P. 54(d)(1):

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; see Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-41 (1987), superseded on other grounds by 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)).

The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994). "When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." Assoc. for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc., 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).

### 2. Fees of the Clerk

Plaintiff seeks to recover fees paid to the Clerk in the amount of $400.00. (Doc. # 49). A review of the record reveals that $400.00 was the cost associated with Plaintiff initiating this action against Defendants. Thus, the Court determines that Plaintiff's request to recover fees paid to

the Clerk is appropriate. Accordingly, Plaintiff is entitled to the $400.00 cost for the filing fee in this action.

### 3. Fees for Service of Summons and Subpoena

Plaintiff also seeks to recover "[f]ees for service of summons and subpoena" in the amount of $35.00. (Doc. # 49). "The fees for service of process by private process servers are recoverable under § 1920, as long as the fees do not exceed the amount charged by the United States Marshal for service of process." J.G. v. Carnival Corp., No. 12-21089-CIV, 2013 WL 5446412, at *4 (S.D. Fla. Sept. 28, 2013). The Marshal charges $65.00 per hour plus travel costs and other out-of-pocket expenses for serving process. See 28 C.F.R. § 0.114(a)(3).

Here, Plaintiff seeks to recover $35.00 in "fees for service of summons and subpoena." (Doc. # 49). This amount is within the monetary threshold set forth above. Therefore, the Court finds that Plaintiff is entitled to $35.00 for "fees for service of summons and subpoena."

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Bank of America, N.A.'s Motion for Attorneys' Fees (Doc. # 48) is **GRANTED**, and Plaintiff is entitled to **$33,574.50** in attorneys' fees.

(2) Plaintiff's Proposed Bill of Costs (Doc. # 49) is **GRANTED**, and as a result, **$435.00** should be taxed.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of July, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record